UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARCUS O'DELL**

                Plaintiff,        Case No.

**v.**

                                Hon.

**FCA US, LLC.,**
**GP STRATEGIES CORPORATION,** and
**POPULUS GROUP, LLC.**
                Defendants.

---

**GOLD STAR LAW, P.C.**
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*dhardesty@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

---

## COMPLAINT

Plaintiff Marcus O'Dell through his attorneys, Gold Star Law, P.C., for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Marcus O'Dell ("O'Dell") is an individual who resides in West Bloomfield, Oakland County, Michigan.

2. Defendant FCA US, LLC. ("FCA") is a Foreign Limited Liability Corporation which conducts business in Auburn Hills, Oakland County, Michigan.

3.Defendant GP Strategies Corporation ("GP") is a Foreign Profit Corporation which conducts business in Auburn Hills, Oakland County, Michigan.

4.Defendant Populus Group, LLC. ("Populus") is a Michigan Limited Liability Corporation with its corporate office in Troy, Oakland County, Michigan.

5.This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

6.Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

7.Defendant FCA owns and operates an automobile manufacturing company.

8.Defendant GP owns and operates a learning and development consultant company.

9.Defendant Populus owns and operates an employment solutions company.

10.O'Dell began working for Defendants as an Automotive Technical Trainer on approximately March 14, 2016 until March 22, 2018.

11. Defendants compensated O'Dell at a rate of $28.00 per hour from the start of his employment through February 2018.

12. From February 2018 through March 22, 2018, Defendants compensated O'Dell $29.60 per hour.

13. Defendants regularly scheduled Plaintiff O'Dell to work an average of 60 hours per week.

14. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

15. Pursuant to the FLSA, Defendants were required to compensate Plaintiff at 1 ½ times his rate of pay for all hours worked in excess of 40 hours per week.

16. Defendants never compensated Plaintiff at 1 ½ times Plaintiff's rate of pay for hours worked in excess of 40 hours per week.  Defendants instead compensated Plaintiff at his regular rate of pay for the overtime hours.

17. Plaintiff was not, at any time during his employment, exempt from the pay requirements of the FLSA.

18. Defendants' failure to comply with the FLSA was willful, with knowledge, or with reckless disregard of the statutory requirements under the FLSA.

## CAUSE OF ACTION
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

19. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

20. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

21. Plaintiff is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

22. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

23. Defendants had revenues in excess of $500,000 per year during the time of Plaintiff's employment with Defendants. 29 U.S.C. 203(s).

24. Defendants were required to compensate Plaintiff at 1 ½ times his regular hourly rate for hours worked in excess of 40 per week.

25. Defendants failed to compensate Plaintiff at 1 ½ times his regular hourly rate for hours worked in excess of 40 per week.

26. Pursuant to Section 216(b) of the FLSA, Defendants are liable to Plaintiff for his unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, in an amount to be determined

at trial, together with their costs and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

        Respectfully submitted,

        **GOLD STAR LAW, P.C.**

        /s/*Caitlin E. Malhiot*
        **David A. Hardesty (P38609)**
        **Caitlin E. Malhiot (P76606)**
        Attorneys for Plaintiff
        2701 Troy Center Dr., Ste. 400
        Troy, Michigan 48084
        (248) 275-5200
        *dhardesty@goldstarlaw.com*
        *cmalhiot@goldstarlaw.com*

Dated: July 10, 2018